WILSON, PLAINTIFF-APPELLEE, v. ASHTABULA WATER WORKS
COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Ashtabula County.

No. 549.   Decided January 24, 1961.

*Mr. Arthur Rinto*, for plaintiff-appellee.
*Messrs. Shane & Sheldon*, for defendant-appellant.

DONAHUE, J.   This case involves a collision between a fire plug and plaintiff's car.

Plaintiff's daughter, a minor, was driving down the street on a bright, sunshiny day at high noon.   A thermos of coffee on the seat beside her, toppled over.   She righted it.   It fell again.   She pulled toward the curb, looking vaguely ahead to park.   By her own admission she didn't do much of a job of looking ahead.   She failed to notice a fire plug beside the road.   She admitted she could have seen it a block away—but didn't.

Testimony as to the exact location of the plug appears at first glance to be in conflict.   A second reading resolves the conflict.   Defendant's testimony, including expert measurements,

shows the nozzle point on the street side of the plug to be one and one-half inches inside the curbline on the street side—that is one and one-half inches away from the traveled portion of the highway. The only testimony of plaintiff (R. 38, lines six to nine exclusive) is that in which plaintiff said the nozzle ''of that particular fire hydrant'' * * * ''projected out over the curb.'' A careful reading cannot interpret this as saying it projected out over the road, but only ''over the curb.'' Therefore the testimony is conclusive that to hit the hydrant nozzle the side of the car had to project over the curb and beyond the travelled portion of the highway. The evidence shows conclusively that the side of the car—fender and body—extended four inches beyond the outside edge of the tires. This was the overhang.

Thus this accident occurred because the overlap of the car extended over the curb as the tires came close to or touched the curb, and the car came in contact with the end of the nozzle one and one-half inches off the roadway.

Plaintiff, by way of brief, relies almost entirely on the written opinion of the trial court.

There is no question in this case but that the plaintiff's daughter was negligent and that her negligence was a proximate cause of the accident. However no evidence appears under which her negligence can be imputed to plaintiff. Therefore the question of contributory negligence is missing.

All of which leaves us with only the question as to whether the proximate cause of the accident was negligence of plaintiff's daughter alone, or of plaintiff's daughter and the Ashtabula Water Works Company combined.

Negligence of the defendant is alleged to have commenced in 1911 when the Waterworks installed the plug in its present location or when it replaced the plug in 1950. There is no evidence that the 1950 replacement varied the situation in any respect from that which had existed since 1911. In 1911 there were few cars on the road. Curbs were used by horses, buggies, wagons, etc. These have changed and been replaced by the modern automobile, with its overhang. For the traffic, as it existed in 1911, we can see little indication of negligence in erecting the plug as it was. If negligence exists it arose at a

later date. When? It would seem a bit difficult to answer that question.

Plaintiff cites and strongly relies upon Section 5589.01, Revised Code, reading as follows:—

"No person shall obstruct or encumber by fences, buildings, structures or otherwise, a public ground, highway, street or alley of a municipal corporation."

It is to be noted that this section comes under the chapter on "Roads—Highways—Bridges" and the sub-chapter "Offenses Relating to Highways."

It is difficult for us to see where this section would apply to show "negligence." It is intended to keep anyone from blocking a street or the traveled portion thereof, thus preventing the public use of that street. No intent of protecting the public safety appears. It is also true that the creation of a nuisance does not of itself prove negligence.

*Mattucci, Admr.,* v. *Ohio Edison Co.,* 79 Ohio App., 367. If this case is to be useful to us we must note the words "to anyone properly using the highway * * *."

Plaintiff claims that the driver of his car was "properly using the highway." We cannot agree. As shown heretofore, there is no question here of the driver's negligence. Her own testimony is conclusive on this point. Since she was negligent she could not have been properly using the highway. She openly admitted that she didn't take much of a look—and failed to see a fire plug in broad daylight—at noon—which she admitted she could have seen a block away.

It is interesting to note also that in the *Mattucci case,* cited above, a passenger was killed, but the court held that the sole proximate cause of deceased's death was "the improper manner in which the automobile in which he was riding was operated * * *."

To further sustain his position plaintiff points out that the "road is sixty feet and the traveled portion was thirty-six." And claims that if the hydrant were close enough so that it incommodes the traveling public it is a nuisance and is one of the proximate causes, if not the proximate cause of the collision.

We might ask if the claim of plaintiff were extended a

little further so that if his car were backing up, and the three feet or so of overhang of the modern car hit a plug two feet beyond the curb, would he still claim that the position of the plug was the proximate cause of the accident.

We hold that the trial court, which was sitting as judge and jury, was in error in holding that the position of the fire plug in this case was the proximate cause of the accident.

Judgment reversed and cause remanded to the Municipal Court of Ashtabula, Ohio, for further proceedings.

GRIFFITH, P. J., and BROWN, J., concur.