OPINION
Plaintiff-appellant Jack T. Bevington [hereinafter appellant] appeals the trial court's Judgment Entry upon a jury verdict in favor of defendant-appellee General Motors Corporation [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE
On February 9, 1998, appellant filed a Complaint in the Cuyahoga County Court of Common Pleas. Appellant sought to return a vehicle to appellee based upon the allegation that appellee violated Ohio's "Lemon Law" statute, R.C. 1345.71 et. seq. On March 9, 1998, appellee filed an Answer in which it denied all claims. A non-binding arbitration was held on December 17, 1998, while the case remained pending in the Cuyahoga County Court of Common Pleas. The arbitration panel found in favor of appellee. Appellant then appealed the arbitration decision. Thereafter, the case was transferred to the Ashland County Court of Common Pleas, pursuant to the defense of improper venue that had been pled in appellee's Answer. The case was tried to a jury on May 2 and 3, 2000. The following facts were elicited at trial: Appellant purchased a 1996 Chevrolet S-10 Blazer on July 2, 1996, from Graham Chevrolet in Mansfield, Ohio. The Blazer was purchased to be used by appellant's three children to go back and forth to college, i.e. from Ashland, Ohio, to Dayton, Ohio. The vehicle was manufactured by appellee and was covered by a written 36,000 mile limited warranty from appellee. Subsequently, on August 23, 1996, October 18, 1996, October 24, 1996, and November 27, 1996, a member of appellant's family took the vehicle to a GM dealership due to complaints and/or for repairs. The mileage on the vehicle when it was taken to the dealerships was 3,290, 7,699, 8,279 and 11,506, respectively. The corresponding invoices/work orders from these visits to the dealerships identified the following problems: a transmission leak; a transfer case indicator lamp problem; a rear axle seal leak; the replacement of the fuel pump (twice); a loose outside mirror; a missing hub cap; a recall on a gas tank shield; a noise when idling. In addition, appellant's wife testified that she presented complaints to the dealerships of excessive brake dust and that the vehicle took a long time to stop when the brakes were applied. However, the invoices/work orders did not reflect these alleged complaints nor indicate any problem with the brakes. On January 20, 1997, appellant wrote and sent a letter to appellee. In the letter, appellant claimed that the vehicle had 15,241.4 miles and that the car had problems that needed to be repaired. Appellant stated that if these problems were not repaired, appellant would exercise his rights under the "Lemon Law". The letter identified the following problems:
1) hinge on rear hatch squeaks;
2) noise from engine;
3) noise from steering wheel when turning;
4) noise from rear suspension when traveling over bumps;
5) noise from rear which increases when accelerating;
6) noise — runs rough in overdrive;
7) keyless entry does not work when cold;
8) C.D. player stops operating when cold; and
9) crack on side wall of tire.
Subsequently, appellant was contacted by a representative of appellee. On March 10, 1997, appellant sent a letter in response to appellee. In the letter, appellant confirmed that he had an appointment for repairs on March 24, 1997, at Graham Chevrolet. The letter indicated that appellant understood that Graham Chevrolet would repair the items identified in the January 20, 1997, letter and included one additional concern: "rear seat [larger section] stays in a reclining position." At trial, appellant admitted that on March 10, 1997, the date of the second letter, the vehicle had exceeded 18,000 miles. Thereafter, appellant took the Blazer to Graham Chevrolet, as well as other dealerships, regarding repairs and complaints. Appellant claimed that, at the time of trial, the vehicle continued to have unacceptable noises, a brake system that caused the brake pads to wear unevenly and too quickly, and a keyless entry system and C.D. player that continued to not work when it was cold outside. Appellant claims that these problems impair the use of the vehicle and the value to appellant. However, conflicting testimony was presented. Appellee presented testimony that each of these complaints was repaired or could not be duplicated or identified as a nonconformity upon their inspection. Appellee presented testimony that the wear on the brake pads was within the normal range, that problems with the C.D. player and keyless entry could not be duplicated and that the noises from the vehicle were normal. Appellee presented testimony that, all in all, the vehicle had no problem with driving, stopping, starting or operating and that no problem impaired the use, safety, or value of the vehicle. Following the conclusion of the trial, the jury returned a unanimous verdict in favor of appellee on May 3, 2000. That same day, the trial court entered judgment for appellee. On May 17, 2000, appellant filed motions for Judgment Notwithstanding the Verdict and for a New Trial. However, both motions were denied by the trial court via a Judgment Entry entered June 15, 2000. It is from the Judgment Entry in favor of appellee and the trial court's denial of his Motion for New Trial that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE JUDGMENT IS CONTRARY TO THE LAW; THE JURY DID NOT INTERPRET AND APPLY THE LAW CORRECTLY; AND THE MANIFEST WEIGHT OF THE EVIDENCE IS CONTRARY TO THE VERDICT.
 ASSIGNMENT OF ERROR II
UNFAIR AND DECEPTIVE ACT AND PRACTICES BY GENERAL MOTORS.
 ASSIGNMENT OF ERROR III
THE DEFENDANT, GENERAL MOTORS, WITHHELD EVIDENCE.
 I
In the first assignment of error, appellant argues that the jury's decision was contrary to law and against the manifest weight of the evidence. Appellant contends that the jury must have misapplied and misapprehended the applicable law. We disagree. In a civil action, an appellate court may not find the judgment to be against the manifest weight of the evidence if such judgment is supported by competent, credible evidence. C.E. Morris, Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. In determining whether a jury's verdict is contrary to the manifest weight of the evidence, an appellate court does, to a limited extent, weigh the evidence and consider the credibility of the witnesses in order to insure against a miscarriage of justice, keeping in mind, however, that those matters are primarily for the trier of the facts to decide in either a civil or criminal case. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387 (quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten (1986),33 Ohio App.3d 339, 340). Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Gonzalez v. Henceroth Enterprises, Inc., (1999), 135 Ohio App.3d 646 . It is pursuant to this standard of review, that we consider appellant's assignment of error. Appellant brought his claim pursuant to Ohio's Lemon Law, R.C. 1345.71 et seq. To be successful, appellant was required to first show that a nonconformity existed. A nonconformity is defined as "any defect or condition that substantially impairs the use, value, or safety of a motor vehicle to the consumer and does not conform to the express warranty of the manufacturer or distributor." R.C. 1345.71(C). Next, the nonconformity must be shown to be covered by an express warranty. The purchaser must have indicated the nonconformity to the manufacturer or agent of the manufacturer [hereinafter manufacturer] within the first year after purchase or first 18,000 miles, whichever is earlier. Lastly, appellant must show that the manufacturer was unable to conform the vehicle to the express warranty by repairing the defect or condition that impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts. A purchaser may take advantage of a presumption that a reasonable number of attempts had been undertaken by the manufacturer if certain conditions have been met. See R.C. 1345.73. In this case, there was conflicting testimony on every element appellant was required to demonstrate. There was testimony to support a finding that the problems identified to the manufacturer within the first 18,000 miles were not nonconformities and even if a nonconformity had existed at some point, that the nonconformity had been repaired. The problems alleged by appellant did not appear to impair appellant's family's use of the vehicle. Appellant and his family continued to use the vehicle for its intended use throughout the time from its purchase to the time of trial. At the time of trial, the vehicle had been driven approximately 120,000 miles. TR 119. Further, Dennis Brock, who was the service manager at Rocket Chevrolet, testified that he drove the vehicle when it was brought to Rocket Chevrolet for repairs. Brock testified that many of the problems identified by appellant could not be duplicated or observed and that any alleged problem that could be identified was either normal or repaired completely. TR 191-197. Brock testified that he had no trouble driving, stopping, starting or operating the vehicle. TR 197. He claimed that he found nothing wrong with the vehicle that impaired the use, safety or value of the vehicle to appellant. Id. The jury had to judge and weigh the credibility of the conflicting testimony. Under these circumstances, we cannot say that the jury clearly lost its way in resolving these evidentiary conflicts. In conclusion, we find that there was ample testimony, if believed, to support the jury's verdict. While we understand appellant's disappointment with the decision of the jury, we find that the verdict was supported by competent, credible evidence and that the jury could correctly apply the law to the facts presented and find in favor of appellee. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that Appellee committed unfair and deceptive practices, in violation of R.C.1345.02-1345.13, otherwise known as the "Consumer Sales Practices Act." Appellant argues that the evidence adduced at trial showed that General Motors had a policy of not documenting claims of customers that could not be duplicated or verified. Appellant claims that such a policy subverts the protection afforded to purchasers by Ohio's Lemon Law. However, appellant failed to bring a claim under the Consumer Sales Practices Act in his Complaint. Further, appellant did not ask the trial court to add any such claim or cause of action to the pleadings or jury instructions. See Civ.R. 15. Because this cause of action was not properly raised in the court below, it cannot be raised in the present appeal. See City of Cleveland v. Wescon Construction Corp. (Aug. 23, 1990), Cuyahoga App. No. 57405, unreported, 1990 WL 121301; Karlen v. Steele (Sept. 15, 2000), Trumbull App. No. 99-T-0076, unreported, 2000 WL 1335785. Appellant's second assignment of error is overruled.
 III
In the third and final assignment of error, appellant asserts that appellee withheld evidence during discovery. Appellant raised this issue to the trial court in a pro se Motion for New Trial, pursuant to Civ.R. 59. The trial court denied appellant's motion. We understand appellant's argument to be an appeal of the trial court's denial of the motion for new trial, based upon the discovery of new evidence. The granting of a new trial pursuant to Civ.R. 59 is within the sound discretion of the trial court. Highfield v. Liberty Christian Academy (1987),34 Ohio App.3d 311, 315. The standard applied in determining whether or not to grant a new trial upon newly discovered evidence is stated in the third paragraph of the syllabus in Sheen v. Kubiac (1936), 131 Ohio St. 52, third paragraph of the syllabus: To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence.
We find that the trial court did not abuse its discretion in denying appellant's Motion for New Trial. Appellant argues that a new trial should have been granted because appellee failed to provide appellant with a "Product Recall Bulletin" that appellant claims involved his 1996 Chevrolet S-10 Blazers and its fuel pump. First, we note that appellant did not provide of a copy of the Bulletin to the trial court. Further, appellant testified that the fuel pump was replaced on his Blazer twice prior to trial. Dennis Brock, who was a service manager at two different Chevrolet dealerships, testified that electric fuel pumps make some noise due to the electric motor involved in its operation and that appellant's fuel pump sounded normal when he drove the vehicle. TR 191-192. While the Bulletin may have impeached appellee's witness' testimony, impeachment alone is not enough to warrant a new trial. Douglas Elec. Corp., v. Grace (1990), 70 Ohio App.3d 7. Under these circumstances, we cannot say that a Recall Bulletin that may or may not apply to appellant's actual vehicle, would have "probably changed" the result of the trial. See Sheen, supra. The jury was aware appellant's fuel pump had been replaced twice and of appellant's continued complaints about the vehicle.
We find that the trial court did not abuse its discretion when it denied appellant's Motion for New Trial. Appellant's fourth assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is hereby affirmed.
 _____________ Edwards, P.J.
Farmer, J. and Wise, J. concurs.