DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the February 5, 2001 judgment of the Bowling Green Municipal Court which denied appellant Lawrence G. Brown's appeal of his administrative license suspension. For the following reasons we reverse the decision of the trial court.
On January 27, 2001, at approximately 1:45 a.m., appellant was operating his motor vehicle and proceeding south on Main Street in Bowling Green, Ohio. Shortly after making a right-hand turn west onto Wooster Street, appellant was stopped by Bowling Green Patrol Officer Michael Smith for operating a motor vehicle without activating his headlights.[1]
The officer's patrol vehicle was equipped with video and audio recording equipment which began recording, prior to the stop, when Smith activated his overhead lights.
After initiating the stop and according to the impaired driver report authored by Smith, the officer detected a moderate odor of alcohol on appellant's breath and observed that his eyes were bloodshot. The officer also indicated that appellant's speech was "extremely slurred." Officer Smith then had appellant exit the vehicle and perform various field sobriety tests. According to the impaired driver report the officer observed all six out of six clues of alcohol impairment during the horizontal gaze nystagmus test. The officer observed three out of eight clues during the walk and turn test and two out of four clues on the one leg stand. It is undisputed that the sidewalk where appellant was performing the tests was snow covered.
Based upon appellant's performance on the tests and the other observations by the officer, appellant was arrested for driving under the influence of alcohol and transported to the Bowling Green Police Department. Appellant refused to submit to a chemical breath test and his license was automatically suspended under R.C. 4511.191.
On January 31, 2001, appellant filed an administrative license suspension ("ALS") appeal and request for occupational driving privileges. Appellant asserted that Officer Smith did not have "reasonable ground"[2] to believe that he was operating a motor vehicle while under the influence of alcohol and that he lacked probable cause to arrest him on that basis.
At the February 2, 2001 ALS hearing, Officer Smith was questioned regarding certain alleged discrepancies between the impaired driver report and the video/audio tape. Specifically, appellant challenged whether his speech was slurred and whether his performance on the walk and turn and one leg stand tests were indicative of alcohol impairment. Officer Smith responded that the audiotape did not accurately reflect how slurred appellant's speech was because of the distance between appellant and the microphone. Smith also stated that appellant's alleged staggering during the walk and turn test, while not clear on the video, was more apparent to the "naked eye."
On February 5, 2001, despite acknowledging the existence of discrepancies, the trial court denied appellant's appeal of his ALS. Appellant then timely filed his notice of appeal and sets forth the following assignment of error:
 "ASSIGNMENT OF ERROR: THE TRIAL COURT COMMITTED ERROR IN DENYING DEFENDANT-APPELLANT'S ADMINISTRATIVE LICENSE SUSPENSION APPEAL SINCE THE TOTALITY OF THE CIRCUMSTANCES FAILS TO SUPPORT PROBABLE CAUSE TO SUPPORT THE UNDERLYING ARREST."
At the outset we note that in an evidentiary hearing to determine whether to terminate an administrative license suspension, the licensee has the burden of showing, by a preponderance of the evidence, that the actions of the Bureau of Motor Vehicles were taken in error. City ofBryan v. Hudson (June 30, 1998), Williams App. No. WM-94-014, unreported, citing Andrews v. Turner (1977), 52 Ohio St.2d 31. In an appeal of a trial court's continuation of an ALS pursuant to R.C. 4511.191, the standard of review is "whether there is some competent, credible evidence to support the lower court's ruling." Metzger v. McCullion
(June 15, 1990), Lucas App. No. L-89-170, unreported.
In his sole assignment of error, appellant contends that the videotape of the stop confirms that the officer did not have reasonable ground to believe that appellant was under the influence of alcohol. Appellant further argues that the trial court's decision to overlook the officer's credibility problems amounts to a miscarriage of justice.
We acknowledge that the weight given to evidence and the credibility of witnesses is primarily for the trier of fact to determine. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. However, a reviewing court may reverse a judgment as against the manifest weight of the evidence where the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Gonzalez v. HencerothEnterprises, Inc. (1999), 135 Ohio App.3d 646, 653.
In its February 5, 2001 judgment, the trial court found the following:
 "Smith testified that the defendant had a moderate odor of alcohol about his person and that his eyes were red and bloodshot. The officer testified that the defendant scored six clues on the horizontal gaze nystagmus test. The videotape cannot confirm this test result since the defendant's back was to the camera during this test.
 "Officer Smith testified that the defendant stepped off the line and staggered when he started the walk and turn test. The videotape does not confirm this testimony. In the impaired driver report Smith says that: the `defendant did ask several times, if he could just get a warning and go home'. The videotape does show that the defendant did indicate that he `was only a mile form home . . .', but he never asked to `just get a warning and go home'. The defendant never said anything further along those lines during the remainder of the encounter.
 "The impaired driver's report completed by Ptl. Smith says that the defendant's speech was extremely slurred. Upon review of the videotape, this court only heard one instance which the court considers could be impaired speaking. Other than just indicated, the defendant's speech seemed normal.
 "* * *. The defendant's admission to consuming alcoholic beverages, the six clues obtained on the HGN test, and the clues that appear on the videotape and the officer's observations of the defendant upon his stop have the patrolman probable cause to arrest the defendant for OMVI.
 "In the finding above, the court gives little weight to the one leg stand and the walk and turn tests. The officer had the defendant perform these tests on a sidewalk blanketed with inches of snow. The officer at one point after the walk and turn test but before the one leg stand test, clears an accumulated pile of snow from where the defendant has just been standing. Although the court is aware that often times field conditions are less than ideal, these tests should have not been administered where they were.
 "This court notes with concern the disparity between the information contained in the Impaired Driver Report and the officer's testimony and what appears on the videotape. The court believes that the exaggerations in the report are more a product of youthful exuberance or carelessness than an attempt to shade the truth. As a result the court accepts as true the officer's testimony regarding the HGN test and the observations as to the defendant's eyes and the odor of alcohol."
Upon review of the trial court's judgment, we note that the court discounted all portions of the officer's testimony and the impaired driver report which could be verified by the videotape. Despite this fact, the court chose to believe the officer's testimony, attributing the "exaggerations" to "youthful exuberance" or "carelessness." This we find inappropriate. Based upon his findings relative to the inconsistencies between the videotape and the officer's testimony and report, we believe that the trial court's acceptance of the officer's unverifiable testimony amounts to a manifest miscarriage of justice. We, therefore, further find that the trial court's February 5, 2001 judgment is not supported by competent, credible evidence. Metzger, supra.
Accordingly, appellant's assignment of error is well-taken.
On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Bowling Green Municipal Court is reversed and the case is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J.
Peter M. Handwork, J. and James R. Sherck, J. CONCUR.
[1] Prior to stopping appellant, Officer Smith noted only that appellant's taillights were not on and assumed that his headlights were also off. Appellant's vehicle was equipped with daytime running lamps which automatically activate when the vehicle is running.
[2] R.C. 4511.191(H)(1) provides, in part:
 "If the person appeals the suspension at the person's initial appearance, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 "(a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, * * *."