[Cite as *Cook v. Sportsman's Den, Inc.*, 2011-Ohio-3482.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HORACE D. COOK, JR., ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiffs-Appellants | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 10CA131 |
| THE SPORTSMAN'S DEN, INC. | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of
Common Pleas, Case No. 08CV2221

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 12, 2011

APPEARANCES:

For Plaintiffs-Appellants

D. KIM MURRAY
Brown, Bemiller, Murray, McIntyre
& Haring, L.L.P.
24 W. Third St., Suite 206
Mansfield, Ohio 44902

For Defendant-Appellee

MARK F. FISCHER
Fischer, Evans & Robbins, Ltd.
4505 Stephen Circle, N.W. - Suite 100
Canton, Ohio  44718

*Hoffman, PJ.*

{¶1} Plaintiffs-appellants Horace D. Cook, Jr. and Katherine A. Cook appeal the October 26, 2010 Judgment Entry on Verdict entered by the Richland County Court of Common Pleas, rendering judgment in favor of defendant-appellee The Sportsman's Den, Inc., following a jury trial.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant Horace Cook sustained severe injuries after the muzzle-loading rifle he purchased from Appellee exploded during use. On December 10, 2008, Appellants filed a Complaint in the Richland County Court of Common Pleas, alleging Appellee was negligent for contemporaneously selling Horace Cook smokeless gunpowder with the muzzle-loading rifle. Appellants asserted Appellee was aware of the fact Horace Cook intended to use the smokeless gunpowder with the muzzle-loading rifle and should have prevented him from making such purchase.

{¶3} The matter came on for jury trial on October 14, 2010. The following evidence was adduced at trial.

{¶4} Horace Cook was an experienced hunter, but had limited experience in the use of muzzle-loading rifles. On December 23, 2006, Horace Cook purchased a muzzle-loading rifle, bullets, sabots, plastic tabs, primers, a sling, and smokeless gunpowder from Appellee's Shelby, Ohio sporting goods store. Horace Cook could not recall which employee assisted him nor could he provide a description of the salesperson. The only identifying feature Horace Cook remembered about the employee was that the individual was a male. According to Horace Cook, the employee accompanied him through the store and picked out a number of accessories for the rifle.

The employee also accompanied Horace Cook to the area of the store in which gunpowder is located. Horace Cook testified the employee either picked out the smokeless gunpowder or observed him select the smokeless gunpowder. Thereafter, Horace Cook took the merchandise to a cashier and made his purchase.

{¶5} Horace Cook reviewed the 16-page owner's manual included with the rifle in order to determine the proper load. He acknowledged he skipped the pages dedicated to the safety warnings. One of the warnings clearly states never to use smokeless gunpowder with the particular muzzle-loading rifle Horace Cook purchased. Horace Cook additionally conceded he did not read the warning printed directly on the rifle, which states to use only black powder or black powder replica in the rifle, or the warning on the box of smokeless gunpowder, which states never substitute smokeless gunpowder for black powder and never use smokeless gunpowder in muzzle-loading firearms.

{¶6} During a hunting trip on December 27, 2006, Horace Cook used his new muzzle-loading rifle for the first time. Horace Cook attempted to fire the rifle two or three times, but the rifle would not fire. He replaced a cap and tried to fire the rifle once again. When the rifle finally fired, it exploded, causing severe injuries to Horace Cook.

{¶7} Every male employee who could have been working for Appellee on December 23, 2006, the day Horace Cook purchased the rifle and gunpowder, testified at trial. Each employee testified regarding his employment history with Appellee, his familiarity with muzzle-loading rifles, including the safe and proper usage of such a firearm, and his familiarity with the rifle Horace Cook purchased. Each employee responded in the negative when asked if he had waited on Horace Cook on December

23, 2006. Gregg Griffeth, the owner of Appellee, also testified regarding his familiarity with muzzle-loading rifles, including the safe and proper usage of such a firearm. One employee noted smokeless gunpowder and black powder are kept in different sections of the store. Griffeth indicated he would not give a customer smokeless gunpowder for use with a muzzle-loading rifle.

{¶8} After hearing all the evidence and deliberating, the jury returned a unanimous verdict in favor of Appellee. The trial court entered judgment in favor of Appellee via Judgment Entry on Verdict filed October 26, 2010.

{¶9} It is from this judgment entry Appellants appeal, raising as their sole assignment of error:

{¶10} "I. THE JURY VERDICT UPON WHICH FINAL JUDGMENT WAS ENTERED IN THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶11} Herein Appellants argue the evidence at trial amply demonstrated Horace Cook was a rookie with respect to muzzle-loading rifles, and Appellee owed him a duty to ensure he purchased the appropriate gunpowder for the firearm.

{¶12} In a civil action, an appellate court may not find the judgment to be against the manifest weight of the evidence if such judgment is supported by competent, credible evidence. *C.E. Morris, Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77. In determining whether a jury's verdict is contrary to the manifest weight of the evidence, an appellate court does, to a limited extent, weigh the evidence and consider the credibility of the witnesses in order to insure against a miscarriage of justice, keeping in mind, however, that those

matters are primarily for the trier of the facts to decide in either a civil or criminal case. See, *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

**{¶13}** "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387 (Citations omitted). Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. *Gonzalez v. Henceroth Enterprises, Inc.,* (1999), 135 Ohio App.3d 646.

**{¶14}** As set forth supra, every one of Appellee's male employees who could have been working on December 23, 2006, as well as Appellee's owner, testified he did not wait on Horace Cook nor would he have allowed smokeless gunpowder to be sold to a customer for use in a muzzle-loading rifle. This evidence alone constitutes competent, credible evidence which supports the jury's verdict. As the trier of fact, the jury was free to accept or reject any or all of the testimony of the witnesses. The jury clearly did not believe Horace Cook's testimony he received assistance in selecting the correct gunpowder for the rifle he intended to purchase. We cannot say the jury's verdict was against the manifest weight of the evidence.

**{¶15}** Appellants' sole assignment of error is overruled.

**{¶16}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, PJ.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HORACE D. COOK, JR., ET AL.                :
                                          :
        Plaintiffs-Appellants             :
                                          :
-vs-                                      :           JUDGMENT ENTRY
                                          :
THE SPORTSMAN'S DEN, INC.                 :
                                          :
        Defendant-Appellee                :           Case No. 10CA131


        For the reasons stated in our accompanying Opinion, the judgment of the

Richland County Court of Common Pleas is affirmed. Costs assessed to Appellants.




                                    s/ William B. Hoffman _____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ Sheila G. Farmer _____
                                    HON. SHEILA G. FARMER


                                    s/ Julie A. Edwards_____
                                    HON. JULIE A. EDWARDS