[Cite as *Wyatt v. Roses Run Country Club*, 2018-Ohio-4093.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KATHLEEN WYATT

     Appellant

     v.

ROSES RUN COUNTRY CLUB, et al.

     Appellee

C.A. No.     28894

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2016-10-4215

DECISION AND JOURNAL ENTRY

Dated: October 10, 2018

CALLAHAN, Judge.

{¶1} Appellant, Kathleen Wyatt, appeals the order of the Summit County Court of Common Pleas that granted summary judgment to Roses Run Country Club and Lockhart Development Company. This Court affirms.

I.

{¶2} Kathleen Wyatt left a wedding reception at Roses Run Country Club ("Roses Run") at approximately 10:00 p.m. on August 1, 2015. The lights in the parking lot had not been turned on, and the area outside the reception location was illuminated only by ambient light from the nearby buildings. As Ms. Wyatt retraced the path that she had followed from her car earlier in the day, she missed the curb at the end of a walkway and fell to the ground, landing on her left knee.

{¶3} Ms. Wyatt sued Roses Run and its corporate owner, Lockhart Development Company ("Lockhart"), alleging that she sustained injuries as a result of Roses Run's negligent

failure to illuminate the parking lot. Specifically, she alleged that failure to turn on the parking lot light fixtures violated a municipal ordinance and established negligence per se or, in the alternative, that Roses Run had a duty to warn its patrons about the darkness in the parking lot because it amounted to a latent danger. Ms. Wyatt alleged that Lockhart Development was ultimately liable for the negligent acts of Roses Run.

{¶4} The trial court granted summary judgment to Roses Run and Lockhart Development, concluding that both the darkness in the parking lot and the curb over which Ms. Wyatt tripped were open and obvious dangers. Ms. Wyatt appealed.

II.

{¶5} As an initial matter, this Court notes that Ms. Wyatt's brief does not comply with App.R. 16(A), App.R. 12(A)(2) and Loc.R. 7(B) and (F), which require that the appellant's brief contain a statement of the assignments of error. App.R. 16(A)(3); Loc.R. 7(B)(3). The appellant must then separately argue each assignment of error, including supporting authority and citations to the record. App.R. 16(A)(7); Loc.R. 7(B)(7). This Court may disregard assignments of error if the appellant fails to argue them separately in the brief. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10; see also App.R. 12(A)(2).

{¶6} Ms. Wyatt listed six assignments of error at the beginning of her appellate brief. In the argument portion of her brief, however, she failed to identify and separately discuss each assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7); Loc.R. 7(B)(7); *Village of Boston Hts. v. Brewer*, 9th Dist. Summit No. 28216, 2017-Ohio-7042, ¶ 5. Ms. Wyatt did provide some headings that structure her argument to a degree, but her brief consists entirely of intertwined arguments.

{¶7} Notwithstanding Ms. Wyatt's failure to comply with the requirements of these rules, this Court will address her arguments to the extent that they relate to the assignments of error set forth at the beginning of her brief and are identified by the headings that she has provided. *See Hall v. Silver*, 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 10-12.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY RULING STOW CITY ORDINANCE 1182 WAS "STRICTLY TO ADDRESS THE COSMETIC ASPECTS OF LIGHTING…" WHICH DID NOT REQUIRE DEFENDANTS' PARKING LOT TO BE ILLUMINATED.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY RULING THAT IT CANNOT MAKE A FINDING OF NEGLIGENCE PER SE STEMMING FROM A VIOLATION OF STOW CITY ORDINANCE 1182.

{¶8} Ms. Wyatt's first two assignments of error and the first portion of her argument argue that the trial court erred by granting summary judgment to Roses Run and Lockhart based on the conclusion that a violation of Sections 1182.02 and 1182.04 of the Codified Ordinances of the City of Stow does not establish negligence per se. This Court disagrees.

{¶9} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.

*See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶10} Ms. Wyatt's first two assignments of error raise a question of law: whether a violation of Sections 1182.02 and 1182.04 of the Codified Ordinances of the City of Stow establishes negligence per se. Violation of a legislative enactment that imposes a specific duty for the protection of others constitutes negligence per se. *Taylor v. Webster*, 12 Ohio St.2d 53, 56 (1967), citing *Schell v. DuBois*, 94 Ohio St. 93 (1916) and *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954). *See also Gonzalez v. Henceroth Ents., Inc.*, 135 Ohio App.3d 646, 650-652 (9th Dist.1999) (recognizing that violation of a municipal ordinance may establish negligence per se). Violation of such a statute is sufficient to establish the breach of a duty, but does not establish *liability* per se. In other words, a plaintiff must still prove both proximate cause and damages. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 23, quoting *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496-497 (2000).

{¶11} An ordinance that is not intended to further public safety does not create a duty that can give rise to negligence per se. *See Gonzalez* at 651. As the trial court noted, Sections 1182.02 and 1182.04 of the Codified Ordinances of the City of Stow fall into this category. Section 1182.02 describes the applicability of the regulations that follow and provides that they "are applied as part of the site plan review process[.]" It sets forth no duties whatsoever. Section 1182.04 describes the lighting standards for construction within the City of Stow, and it states its aim specifically: "The intent of this section is to focus on the actual physical effects of lighting and its potential impact on the surrounding neighborhood." The Ordinance then addresses design standards and maximum lighting levels designed to minimize the adverse impacts of light fixtures on surrounding properties. Stow Codified Ordinances 1182.04(b).

{¶12} The intent of a legislative enactment "is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. The intention of Section 1182.04 of the Codified Ordinances of the City of Stow is clearly expressed: it does not aim to protect the public, but to minimize the potentially negative effects of spillover lighting within the community. Because Section 1182.04 does not set forth a duty for the protection of the public, it cannot form the basis of a claim for negligence per se.

{¶13} Ms. Wyatt's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY RULING THE CURB WAS AN OPEN AND OBVIOUS CONDITION AND NOT A LATENT OR HIDDEN DANGER.

{¶14} Ms. Wyatt's third assignment of error and the second section of her argument challenge the trial court's conclusion that the curb and the dark parking lot were open and obvious dangers.

{¶15} To establish a claim of negligence, a plaintiff must demonstrate "the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984), citing *Di Gildo v. Caponi*, 18 Ohio St.2d 125 (1969) and *Feldman v. Howard*, 10 Ohio St.2d 189 (1967). A landowner's duty to those who enter upon land is determined by the status of the person who enters. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Id.*, citing *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986) and *Scheibel v. Lipton*, 156 Ohio St. 308 (1951) paragraph one of the syllabus. "A shopkeeper

ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573, ¶ 5 (2003), citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985) and *Jackson v. Kings Island*, 58 Ohio St.2d 357 (1979).

{¶16} A landowner, however, owes no duty to warn those who enter the premises about dangers that are open and obvious. *Armstrong* at syllabus, following *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus. The reason for this rule is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). When the open-and-obvious doctrine applies, it "obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5.

{¶17} When courts consider whether a danger is open and obvious, the ultimate question is an objective one: whether a reasonable person would have found the condition of the property to be open and obvious. *See Ahmad v. AK Steel Corp.*, 119 Ohio St.3d 1210, 2008-Ohio-4082, ¶ 25. A danger or hazard may, therefore, be open and obvious to a reasonable person and yet remain unnoticed by the injured party. *Id.* This Court considers the totality of the surrounding circumstances when determining whether a hazard is open and obvious. *Marock v. Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 14.

{¶18} Ms. Wyatt's negligence claim is based on the allegation that Roses Run negligently failed to illuminate the parking lot. She did not base her claim in the trial court on the premise that the curb from which she fell was negligently designed or maintained. With that

as context, the material facts in this case are undisputed. Ms. Wyatt attended a wedding reception at Roses Run that started before the dinner hour, and she left around 10:00 p.m. When she arrived, it was daylight. Ms. Wyatt walked from her car across the parking lot to the sidewalk and followed the sidewalk to the reception area with nothing obstructing her view. The path that she took into the reception area included a curb. When she left the reception, the parking lot was dark; the ambient light from nearby buildings provided the only illumination in the area. Ms. Wyatt walked cautiously toward the parking lot into an area of complete darkness, following the same general route that she had used to enter the reception facility. Ms. Wyatt stepped off of the curb and fell to her knee, but she noted that her foot did not catch on anything before she fell.

{¶19} Ms. Wyatt argues that the trial court erred by concluding that the curb was an open and obvious hazard in this case because, according to her reasoning, there is always a genuine issue of material fact when a curb is the same color as the pavement that surrounds it. This is not an accurate statement of the law. Some cases have concluded that when a plaintiff falls over an *object* that is the same color as the surrounding surface, a genuine issue of material fact exists. *See*, *e.g.*, *Lovejoy v. Sears, Roebuck & Co.*, 6th Dist. Lucas No. L-98-1025, 1998 Ohio App. LEXIS 2688, *11-12 (June 19, 1998). Many other cases, however, consider the color of the object to be one aspect of the totality of the circumstances. *See*, *e.g.*, *Horner v. Jiffy Lube Internatl., Inc.*, 10th Dist. Franklin No. 01AP-1054, 2002-Ohio-2880, ¶ 22. The fact that the curb from which Ms. Wyatt fell was the same color as the surrounding asphalt, therefore, is not dispositive. There is nothing in the record that would indicate that the curb was concealed by its surroundings, in a state of disrepair, or in a location in which one would not expect to encounter a curb. Ms. Wyatt traversed the same path from the parking lot to the reception facility only

hours before her fall and did not dispute the presence of the curb at the end of the sidewalk. Under these circumstances, the curb at the end of the sidewalk was observable to a reasonable person.

{¶20} Ms. Wyatt's central argument is that the darkness itself was a hidden danger and that Roses Run had a duty to warn its patrons accordingly. This Court has rejected this premise in the past, noting that "darkness is an open and obvious condition and under Ohio law, one may not disregard darkness." *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 12. *See also Jeswald v. Hutt*, 15 Ohio St.2d 224, 227 ("'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded."). Consequently, when a pedestrian steps from a dimly lit path into an area of total darkness and proceeds nonetheless, the individual "act[s] in disregard of the open and obvious hazard of darkness." *Rezac v. Cuyahoga Falls Concerts, Inc.*, 9th Dist. Summit No. 23313, 2007-Ohio-703, ¶ 22.

{¶21} Ms. Wyatt acknowledged that the path that led from the reception facility was dimly lighted by the ambient light from nearby buildings, but that she continued into an area of total darkness as she approached the parking lot. Notably, Ms. Wyatt and her companion continued into the darkness without illuminating the area, although Ms. Wyatt noted that her friend eventually tried to shed light on the path using her mobile phone, but did so just as Ms. Wyatt fell. In doing so, she continued in disregard of the open and obvious hazard of darkness. *See id.* The darkness was also not, as Ms. Wyatt suggests, an attendant circumstance that creates a genuine issue of material fact with respect to whether the curb was an open and obvious hazard. "[D]arkness due to lack of illumination at nighttime is not an attendant circumstance" for purposes of the open-and-obvious doctrine. *See Butler v. Cleveland Clinic*, 8th Dist. Cuyahoga No. 105457, 2018-Ohio-93, ¶ 17. Further, a property owner is under no duty to

illuminate a parking area. *Davis v. Friendly's Ice Cream Corp.*, 9th Dist. Summit No. 17094, 1995 Ohio App. LEXIS 4273, *5.

{¶22} Both the curb and the darkness on the evening in question were open and obvious hazards. As such, Roses Run had no duty to warn Ms. Wyatt about their existence. Ms. Wyatt's third assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED BY RULING THE CURB WAS CLEARLY A KNOWN PERIL.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED BY RULING THAT NEITHER THE CURB NOR THE DARKNESS ARE HAZARDS OR DANGERS FOR WHICH THE DEFENDANTS OWED PLAINTIFF A DUTY TO PROTECT AGAINST.

### ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED BY CONCLUDING NEITHER ROSES RUN NOR LOCKHART BREACHED A DUTY TO PLAINTIFF AND THEREBY FAILED TO DIRECTLY ADDRESS THE LIABILITY ARGUMENTS AGAINST LOCKHART.

{¶23} Ms. Wyatt's fourth, fifth, and sixth assignments of error and the remaining section of her brief argue that Lockhart was liable for Roses Run's alleged negligence because Roses Run had a duty to warn Ms. Wyatt about hidden danger. As explained above, the open-and-obvious doctrine acts as a complete bar to Ms. Wyatt's negligence claims. *See Armstrong*, 99 Ohio St.3d at 79, 2003-Ohio-2573, at ¶ 5. Ms. Wyatt's fourth, fifth, and sixth assignments of error are, therefore, moot. *See* App.R. 12(A)(1)(c).

### III.

{¶24} Ms. Wyatt's first, second, and third assignments of error are overruled. Her fourth, fifth, and sixth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JAMES BLUMENSTIEL and BRADEN BLUMENSTIEL, Attorneys at Law, for Appellant.

THOMAS W. WRIGHT and MATTHEW BARRINGER, Attorneys at Law, for Appellee.

JAMES J. REAGAN, Attorney at Law, for Appellee.