[Cite as *Boston Hts. v. Brewer*, 2017-Ohio-7042.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VILLAGE OF BOSTON HEIGHTS

    Appellee

    v.

ERIC JONATHAN BREWER

    Appellant

C.A. No.     28216

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    2015TRD11042
                2015CRB04111

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

TEODOSIO, Judge.

{¶1}    Appellant, Eric Jonathan Brewer, appeals from his convictions in Stow Municipal Court.  We affirm.

I.

{¶2}    A Boston Heights police officer conducted a traffic stop of Mr. Brewer's vehicle. Mr. Brewer was charged with driving under license forfeiture or child support suspension, possession of marijuana, and drug paraphernalia.  A hearing was held on March 3, 2016, to address a number of Mr. Brewer's motions.  The trial court filed an order on March 4, 2016, denying Mr. Brewer's motions "for the reasons set forth on the court's official record."  After a bench trial, the trial court found Mr. Brewer guilty and sentenced him accordingly.

{¶3}    Mr. Brewer now appeals from his convictions and raises fourteen assignments of error for this Court's review.

{¶4}    For ease of analysis, we consolidate Mr. Brewer's assignments of error.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN ALLOWING A PRIVATE ATTORNEY TO PROSECUTE THE APPELLANT IN VIOLATION OF R.C. 2938.13.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN ACCEPTING THE PRIVATE ATTORNEY'S LEGALLY UNSUPPORTED MARCH 3, 2016[,] "ANYTIME AN OATH IS TAKEN RATIFIES ALL PAST ACTS" MOTION DURING A DISQUALIFICATION HEARING 5 DAYS BEFORE THE MARCH 11, 2016[,] TRIAL[] AND KNEW THE STATE'S SUPREME COURT HAD ALREADY SETTLED THAT ACTS COMMITTED BY INDIVIDUALS WHO'D UNLAWFULLY ENTERED VACATED OFFICES AND DISCHARGED ITS DUTIES WERE *VOID AB INITIO*.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION AND CREATED PREJUDICE FOR THE APPELLANT BY REFUSING TO GRANT HIM LEAVE TO PLEAD A RESPONSE MOTION TO THE PRIVATE ATTORNEY'S FALSE "ANYTIME AN OATH IS TAKEN RATIFIES ALL PAST ACTS" MOTION THE COURT ACCEPTED THE DAY OF HIS DISQUALIFICATION HEARING ON MARCH 3, 2016.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED ON THE DAY OF THE MARCH 11, 2016[,] TRIAL WHEN IT ACCEPTED TWO SHAM OATHS OF OFFICE FOR THE PRIVATE ATTORNEYS WHO HAD UNLAWFULLY DISCHARGED THE DUTIES OF THE OFFICES OF SOLICITOR SINCE DECEMBER 6, 2013[,] AND ALLOWED THEM TO PROSECUTE THE APPELLANT.

## ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED BY REFUSING TO TAKE JUDICIAL NOTICE THAT THE STATE HAD AN INTEREST IN ENFORCING THE "PARTICIPATION AGREEMENTS" BETWEEN THE U.S. GOVERNMENT, STATE OF OHIO, AND THE VILLAGE OF BOSTON HEIGHTS TO TRAIN AND ENFORCE AMONG OFFICERS ON THE STREET THE USE AND RESTRICTED ACCESS TO NCIC/LEADS DATABASES IN ACCORDANCE WITH OAC 4501:2-10-01 THROUGH OAC 4501[:]2-10-11, THE NCIC 2000 MANUAL AND TO OBTAIN UPDATES ON AUTHORIZED USES THROUGH THE INFORMATION PORTALS IDENTIFIED IN THE LAWS

THAT DO NOT AUTHORIZE THE "RANDOM" ACCESS IDENTIFIED IN *STATE OF OHIO V. BATES 1987*.

## ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED IN ITS CONCLUSIONS THAT THE VILLAGE'S OFFICER ON THE STREET WAS PERFORMING LAW ENFORCEMENT DUTIES IDENTIFIED IN R.C. 737.11, AND EVIDENCE SHOWED HE DID NOT OBEY ALL FEDERAL AND STATE CRIMINAL LAWS AS THE STATUTE REQUIRES; NOR DID HE OBEY THE REGULATIONS OF THE POLICE DEPARTMENT AS IT PERTAINS TO ESTABLISHING PROBABLE CAUSE AND ACCESSING THE NCIC/LEADS/NLETS DATABASES.

## ASSIGNMENT OF ERROR SEVEN

THE TRIAL COURT ERRED BY NOT ACKNOWLEDGING THAT SINCE R.C. 737.11 PREVENTED THE OFFICER ON THE STREET FROM DISOBEYING ANY FEDERAL OR STATE CRIMINAL LAW, OFFICER GRESCHL WAS CRIMINALLY VIOLATING R.C. 4511.21 AND 4511.041 WHEN EVIDENCE CONFIRMED THAT HE DROVE THE PUBLIC SAFETY VEHICLE IN EXCESS OF THE POSTED 65 MPH SPEED LIMIT WITHOUT BEING IN RESPONSE TO AN ACTUAL EMERGENCY, AND WITHOUT USING EMERGENCY LIGHTS AS EASH LAW REQUIRED.  THE TRIAL COURT SHOULD HAVE CONCLUDED THAT OFFICER GRESCHL'S UNLAWFUL ACTS VIOLATED R.C. 737.11 AND THEREFORE VOIDED ANY CITATION THAT CAME FROM HIS CRIMINALITY.

## ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ERRED BY ACCEPTING OFFICER GRESCHL'S TESTIMONY TO 40 MINUTES OF BODYCAM INTERACTIONS WITH THE APPELLANT THAT WAS EDITED OUT OF THEIR MORE THAN 60[-]MINUTE ENCOUNTER.  THE VILLAGE'S CORRUPT PRIVATE ATTORNEY AND LAW ENFORCEMENT OFFICERS PROVIDED THE APPELLANT WITH ONLY 19 MINUTES OF OBVIOUSLY EDITED BODY CAM RECORDINGS FROM THEIR MORE THAN 60[-]MINUTE ENCOUNTER.

## ASSIGNMENT OF ERROR NINE

THE TRIAL COURT ERRED BY NOT CONCLUDING THAT OFFICER VINCIQUERRA'S 45 MINUTE AND NON-CONSENSUAL ROADSIDE SEARCH OF HIS VEHICLE WITHOUT A WARRANT WAS NOT FOR THE PURPOSES OF CONDUCTING AN INVENTORY OF HIS BELONGINGS,

BUT AN INTRUSIVE AND CONSTITUTIONALLY VIOLATIVE SEARCH TO FIND INCRIMINATING EVIDENCE.

## ASSIGNMENT OF ERROR TEN

THE TRIAL COURT ERRED BY ALLOWING ANY EVIDENCE DERIVED FROM THE UNLAWFUL SEARCH OF HIS LICENSE PLATES, UNLAWFUL STOP, UNLAWFUL ROADSIDE INTERROGATION, UNLAWFUL SEARCH OF HIS BODY AND VEHICLE, AND UNLAWFUL CITATIONS TO BE ENTERED AGAINST HIM AT TRIAL BY THE CORRUPT PRIVATE ATTORNEYS THE VILLAGE OF BOSTON HEIGHTS HIRED.

## ASSIGNMENT OF ERROR ELEVEN

THE TRIAL COURT ERRED BY FAILING TO ACKNOWLEDGE THAT DESPITE HIS DESIRE TO CONSPIRE WITH THE VILLAGE'S OFFICER TO PREVENT HIM FROM BEING HELD ACCOUNTABLE FOR DISOBEYING FEDERAL AND STATE CRIMINAL LAWS, THE PRIVATE ATTORNEY UNLAWFULLY DISCHARGING THE DUTIES OF PROSECUTOR WAS REQUIRED TO COMPLY WITH R.C. 733.57.

## ASSIGNMENT OF ERROR TWELVE

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION IN LIMINE TO REQUIRE THE STATE TO ACKNOWLEDGE ITS OWN PARTICIPATION AGREEMENT WITH THE VILLAGE OF BOSTON HEIGHTS AS IT PERTAINS TO THE USE OF LEADS/NCIC/NLETS DATABASES IN ACCORDANCE WITH THE AGREEMENT[']S TERMS AND CONDITIONS, AND TO LIMIT ITS DEFENSE OF THE OFFICER ON THE STREET'S CONDUCT TO THE TERMS AND CONDITIONS OF ITS AGREEMENT WITH THE MUNICIPAL CORPORATION.

## ASSIGNMENT OF ERROR THIRTEEN

THE TRIAL COURT ERRED AND COMMITTED A PREJUDICIAL HARM AGAINST THE APPELLANT BY NOT GRANTING HIS DEMAND FOR COURT[-]APPOINTED COUNSEL AND A JURY TRIAL.

## ASSIGNMENT OF ERROR FOURTEEN

THE TRIAL COURT ERRED BY NOT TRYING HIS CRIMINAL AND MINOR MISDEMEANOR TRIALS SEPARATELY, AND BY NOT PROVIDING HIM WITH THE LEGAL COUNSEL TO WHICH HE HAD A 6TH AMENDMENT CONSTITUTIONAL RIGHT TO DEFEND AGAINST THE CRIMINAL CHARGE FILED AGAINST HIM THAT RESULTED IN HIS LOSS OF PROPERTY.

{¶5} Although Mr. Brewer lists many different issues in his assignments of error, he fails to separately argue them as required under App.R. 16(A)(7). App.R. 12(A)(2) permits us to disregard Mr. Brewer's assignments of error for that reason alone. *Accord* Loc.R. 7(B)(7). In his combined "Argument Relevant to the Assignments of Error," Mr. Brewer also fails to cite to the record in support of his argument as required under App.R. 16(A)(7). "'This [C]ourt may disregard * * * assignments of error if the appellant fails to identify the relevant portions of the record from which the errors are based.'" *State v. Fletcher*, 9th Dist. Summit No. 23171, 2007-Ohio-146, ¶ 37, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31.

{¶6} The trial court held a hearing before denying a number of Mr. Brewer's motions concerning these issues. The case then proceeded to a bench trial. Neither the transcript of the hearing nor the transcript of the trial is contained in the record before us. "'This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete.'" *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. Lorain No. 08CA009318, 2008-Ohio-3206, ¶ 11. "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" *City of Cuyahoga Falls v. James*, 9th Dist. Summit No. 21119, 2003-Ohio-531, ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} In light of Mr. Brewer's failure to comply with the Rules of Appellate Procedure, we conclude that he has failed to meet his burden on appeal and decline to address the merits of

his claims. *See First Communications, LLC v. Helms*, 9th Dist. Summit No. 28174, 2016-Ohio-7586, ¶ 9.

{¶8} Mr. Brewer's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error are all overruled.

III.

{¶9} Mr. Brewer's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

ERIC JONATHAN BREWER, pro se, Appellant.

THOMAS M. DICAUDO and MARSHAL M. PITCHFORD, Attorneys at Law, for Appellee.