[Cite as *Hall v. Silver*, 2018-Ohio-1706.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JAMES W. HALL

    Appellant

    v.

JAMES R. SILVER

    Appellee

C.A. No.     28798

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    17 CV 01750

DECISION AND JOURNAL ENTRY

Dated: May 2, 2018

---

CALLAHAN, Judge.

{¶1}   Appellant, James Hall, appeals from the judgment of the Akron Municipal Court vacating the default judgment against Appellee, James Silver. For the reasons set forth below, this Court affirms.

I.

{¶2}   In the fall of 2009, Mr. Hall retained Mr. Silver to represent him in various legal matters, including the collection of a judgment lien. Mr. Hall paid Mr. Silver a retainer of $6,300 for legal representation in the collection matter. In March 2017, Mr. Hall filed a small claims action for the return of $6,000 as unearned legal fees against Mr. Silver in the collection matter.

{¶3}   Mr. Hall initially requested service of the summons and complaint by certified mail to Mr. Silver at 141 E. Main Street, Suite 201, Kent, Ohio 44240. This certified mail

attempt was returned as "not deliverable as addressed[/]unable to forward" on March 22, 2017. (Emphasis deleted.)

{¶4} Mr. Hall then requested service upon Mr. Silver by certified mail to 141 E. Main Street, Suite 201, Kent, Ohio 44240 and P.O. Box 1015, Kent, Ohio 44240. The certified mail to P.O. Box 1015 was returned unclaimed on April 11, 2017. Similarly, the certified mail to 141 E. Main Street, Suite 201 was returned unclaimed on April 17, 2017.

{¶5} Upon Mr. Hall's request, service was issued to Mr. Silver by ordinary mail on May 2, 2017 to 141 E. Main Street, Suite 201, Kent, Ohio 44240 and P.O. Box 1015, Kent, Ohio 44240. The ordinary mail sent to P.O. Box 1015 was returned "not deliverable as addressed[/]unable to forward" on May 8, 2017. (Emphasis deleted.) However, the ordinary mail sent to 141 E. Main Street, Suite 201 was not returned.

{¶6} Following a hearing, the magistrate recommended a judgment in favor of Mr. Hall in the amount of $6,000, plus statutory interest. The trial judge adopted the magistrate's decision and entered judgment in favor of Mr. Hall.

{¶7} Two weeks after the judgment, Mr. Silver filed a motion to vacate, along with an affidavit, asserting that "service was never perfected" upon him. Mr. Silver also moved for leave to file his answer and counterclaim instanter. Mr. Hall opposed both motions in writing, claiming he had proof as to why the judgment should not be vacated. The trial court held a hearing on the motion to vacate, after which it granted the motion.

{¶8} Additionally, the trial court granted Mr. Silver's motion for leave to file an answer and counterclaim instanter. Because Mr. Silver's counterclaim exceeded the jurisdictional limits of the municipal court, the case was ordered to be transferred to the Summit County Common Pleas Court.

{¶9} Mr. Hall timely appealed the trial court's judgment entry granting the motion to vacate and asserts four assignments of error.

II.

## Assignments of Error

{¶10} At the outset, this Court recognizes Mr. Hall's failure to comply with App.R. 16(A), App.R. 12(A)(2) and this Court's Loc.R. 7(B) and (F). The rules governing appellate procedure mandate that the appellant's brief must contain a statement of the assignments of error. App.R. 16(A)(3); Loc.R. 7(B)(3). The appellant must then separately argue each assignment of error, including supporting authority and citations to the record. App.R. 16(A)(7); Loc.R. 7(B)(7). "[A]n appellate court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." (Internal quotation marks and citations omitted.) *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10; *see also* App.R. 12(A)(2).

{¶11} Mr. Hall listed four assignments of error at the beginning of his appellate brief. However, in the argument portion of Mr. Hall's appellate brief, he failed to identify and separately discuss each assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7); Loc.R. 7(B)(7); *Village of Boston Hts. v. Brewer*, 9th Dist. Summit No. 28216, 2017-Ohio-7042, ¶ 5. Instead, Mr. Hall provided headings, some related and some unrelated to the assignments error, and proceeded to present intertwined arguments, some of which pertained and some of which did not pertain to the four assignments of error. Additionally, absent from Mr. Hall's appellate brief was any citation to the record. *See* App.R. 16(A)(7); Loc.R. 7(B)(6), (F); *Brewer* at ¶ 5.

{¶12}  Notwithstanding Mr. Hall's failure to comply with the forgoing appellate and local rule requirements, this Court will proceed to address his arguments that contain a heading related to a listed assignment of error at the beginning of his brief. The remainder of Mr. Hall's arguments not directly corresponding to an assignment of error will be disregarded. *See* App.R. 12(A)(2). Additionally, arguments unsupported with citation to the record will not be considered. *See id.*

{¶13}  Further, this Court declines to address Mr. Hall's arguments regarding the trial court abusing its discretion in permitting Mr. Silver to file a late answer and counterclaim. This argument is beyond the scope of the stated assignments of error and was not separately assigned as error.  *See State v. Bennett*, 9th Dist. Lorain No. 14CA010579, 2015-Ohio-2887, ¶ 13 (noting that an appellant's assignment of error provides a roadmap for an appellate court's review).

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A CONTESTED HEARING ON THE COMPLETION OF SERVICE[.]

{¶14}  In his first assignment of error, Mr. Hall asserts that the trial court abused its discretion by not conducting a hearing and depriving him of the "opportunity to cross examine [Mr. Silver] regarding non-service."  During oral argument, Mr. Hall conceded that a hearing was held and withdrew the first assignment of error.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT [MR. HALL] AN OPPORTUNITY TO OPPOSE [MR. SILVER'S] MOTION TO VACATE JUDGMENT[.]

{¶15}  Additionally, during oral argument this Court inquired whether Mr. Hall was withdrawing the second assignment of error in light of his concession that a hearing was held on the motion to vacate. In response, Mr. Hall made an oral motion to modify the second

assignment of error to state that the trial court "failed to consider evidence that they should have considered in the reasonable calculation analysis." However, Mr. Hall went on to agree that the second assignment of error "stands as is," thereby withdrawing the earlier motion to modify. Accordingly, this Court will proceed to consider the second assignment of error as written in the appellate brief.

{¶16} Mr. Hall argues that the trial court abused its discretion when he was not "provided an opportunity to file a brief countering [Mr. Silver's] motion to vacate." The record reflects otherwise.

{¶17} Mr. Silver filed his motion to vacate the judgment on July 31, 2017. Ten days later, on August 10, 2017, Mr. Hall used a pre-printed form to file an "Answer of Counter Claim/Plaintiff." (Emphasis deleted.) While the caption of the pre-printed form is misleading, the body of the one page document reflects Mr. Hall's opposition to Mr. Silver's motion to vacate: "I have proof and date paper showing time that will show that this case should not be vacated[.]" (Emphasis deleted.) Further, the trial court recognized the August 10, 2017 filing as being Mr. Hall's "response" to the motion to vacate in which he was "contesting [Mr. Silver's] assertion" regarding service of the complaint. Based on Mr. Hall's August 10, 2017 response, the trial court scheduled a hearing on the motion to vacate. Also at the conclusion of the hearing, the trial court indicated that Mr. Hall's response was one of many items the trial court would consider in making its decision. Accordingly, this Court finds no merit in Mr. Hall's second assignment of error and it is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING THAT [MR. SILVER] SUCCESSFULLY REBUTTED THE PRESUMPTION OF PROPER SERVICE[.]

{¶18} Mr. Hall contends that the trial court abused its discretion in finding that Mr. Silver rebutted the presumption of service. This Court disagrees.

{¶19} A trial court's decision regarding a common law motion to vacate is reviewed for an abuse of discretion. *Terwoord v. Harrison*, 10 Ohio St.2d 170, 171 (1967); *Talarek v. Miles*, 9th Dist. Lorain No. 96CA006567, 1997 Ohio App. LEXIS 3164, *11 (July 23, 1997). "The determination of whether service of process was sufficient in any particular case rests within the sound discretion of the court." *Friedman v. Kalail*, 9th Dist. Summit No. 20657, 2002 Ohio App. LEXIS 1509, *9 (Apr. 3, 2002); *see also Vrbanac v. Zulick*, 9th Dist. Summit No. 19864, 2001 Ohio App. LEXIS 39, *5 (Jan. 10, 2001). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound." (Internal quotation marks and citations omitted.) *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21.

{¶20} Proper service of process is required before a court can render a valid default judgment. *Gen. Motors Acceptance Corp. v. Kollert*, 33 Ohio App.3d 274, 275 (9th Dist.1986). When a plaintiff follows the Ohio Rules of Civil Procedure that govern service of process, a presumption of proper service arises. *Talarek* at *6. Due to the various nonconformities in Mr. Hall's brief, as noted above, this Court limits its review of the third assignment of error to whether Mr. Silver rebutted the presumption of service. Accordingly, this Court will assume arguendo that the Civil Rules for service were followed and there exists a presumption of proper service to 141 E. Main Street.

{¶21} A defendant can rebut the presumption of proper service by presenting sufficient evidence that service was not accomplished or received by the defendant. *Talarek* at *10. It is then incumbent upon the plaintiff to refute the defendant's evidence with either an affidavit or by

requesting a hearing to cross examine the defendant on his assertion that he did not receive service. *See First Merit Bank, N.A. v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 9-10. *See also Daily v. Papp*, 9th Dist. Summit No. 8141, 1976 Ohio App. LEXIS 6283, *5 (Nov. 17, 1976). "When evidence is presented in an effort to prove that service was not effective, 'the trial court may assess the competency and credibility of the evidence of nonservice.'" *Vrbanac* at *5, quoting *Talarek* at *10-11.

{¶22} While service of process at an individual's business address may be proper under Civ.R. 4.1(A)(1), such service must comport with due process requirements. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403 (1980), syllabus. *See Vrbanac* at *3. Due process requires that service of process be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Swinehart* at 406, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶23} In order for service of process to a business address to be reasonably calculated to apprise an individual of an action, "the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 202 (2d Dist.1993); *Vrbanac* at *3-4. The business address used for service "should be the address where the party himself has his own office, or at least where he is continually and regularly physically present most of the time." *Bell* at 202.

{¶24} Mr. Hall asserts that while a hearing was held, there was "no testimony directly on point" about "whether [Mr. Silver] continued to receive mail at [141 E. Main Street]" and therefore the hearing "obviated the very issue before [the trial court]." Mr. Hall's argument fails

because he asserts facts that are unsupported by the record and the record contains evidence and testimony rebutting the presumption of service.

{¶25} First, Mr. Hall states that Mr. Silver did not testify. To the contrary, the record demonstrates that Mr. Silver did testify at the hearing and Mr. Hall cross-examined him. Second, Mr. Hall contends that when he asked the former secretary "whether [Mr. Silver] continued to receive mail at [141 E. Main Street]," Mr. Silver objected and the court sustained the objection. However, the hearing transcript contains no such exchange.

{¶26} In this case, the trial court had before it Mr. Silver's affidavit, the testimony of Mr. Silver, his former secretary, and Mr. Hall, and two exhibits admitted by Mr. Hall. Mr. Silver's affidavit stated that "he was never served with a copy of the complaint." In his affidavit, Mr. Silver averred that "he ha[d] not had an office at 241 E. Main St., Kent, Ohio since April of 2016." Mr. Silver further averred that he used his home address of 1167 Norwood Street, Kent, Ohio as his mailing address for his private practice work.

{¶27} During the hearing, Mr. Silver began his testimony by bringing to the trial court's attention a typographical error in his affidavit regarding the office address. Mr. Silver stated that he typed the affidavit which contained the incorrect address of 241 E. Main Street and that he intended to type 141 E. Main Street in the affidavit, but he "apparently hit the wrong key."

{¶28} On cross-examination, Mr. Hall questioned Mr. Silver about whether he read the affidavit before signing it and whether the incorrect address listed in the affidavit was intentional "to get back into the court system." In response, Mr. Silver stated that "[he] admitted [he] put a wrong address in" the affidavit and he "made a mistake." Mr. Hall, however, told the court that he "fe[lt] that [was] perjury." To support his position, Mr. Hall entered into evidence a statement

from the post office that 241 E. Main Street was the address of the former courthouse and that address no longer existed.

{¶29} During Mr. Hall's testimony he continued to say that the 241 E. Main Street address in the affidavit "was the put up number" and "it was no mistake." Mr. Hall pointed out that Mr. Silver's affidavit was a sworn statement and Mr. Silver typed the wrong address in the affidavit and thus he viewed those grounds as constituting perjury.

{¶30} Mr. Silver testified that he had a law office at 141 E. Main Street with a few other attorneys, but moved out of that office in April of 2016 because he began working full-time as the law director for the city of Kent. His business address as the law director of Kent was 319 S. Water Street.

{¶31} Mr. Silver explained that he also kept a small law practice and used his home address for that legal work. He testified that his home address was listed with the Ohio Supreme Court, the probate court in Summit County, and the Portage County courts. Also, when he moved, Mr. Silver requested a six-month mail forwarding order from the post office. Mr. Silver testified that he "never received a copy of this lawsuit * * * by certified mail or regular mail." Mr. Silver learned of this matter by "pure happenstance and luck" when another attorney mentioned to Mr. Silver that he had seen Mr. Silver's name in a lawsuit in Akron Municipal Court. Mr. Hall cross-examined Mr. Silver on these same points and Mr. Silver's testimony remained consistent.

{¶32} Mr. Hall also admitted into evidence a certified mail card (unrelated to this action) addressed to Mr. Silver at 141 E. Main Street that was signed by someone else on February 14, 2016, six weeks before Mr. Silver moved. Additionally, Mr. Silver agreed that he received a grievance complaint filed by Mr. Hall in July 2016, three months after Mr. Silver moved. While

the grievance complaint was addressed to 141 E. Main Street and sent after Mr. Silver had moved, Mr. Silver surmised that he received the grievance complaint because it was sent during the six-month period of the mail forwarding order.

{¶33} Mr. Silver's former secretary also testified at the hearing. The former secretary confirmed that Mr. Silver moved into the office at 141 E. Main Street in early 2014 and moved out of the office in April 2016 to work full-time for the city of Kent. After Mr. Silver moved, she did not receive any mail addressed to him at 141 E. Main Street. The former secretary further testified that she and the remaining attorneys moved from 141 E. Main Street to 11 River Street in July 2016. On cross-examination, the former secretary reiterated the dates that Mr. Silver worked at 141 E. Main Street. Additionally, she testified that she did not have any knowledge of Mr. Silver having an office at 241 E. Main Street.

{¶34} In this case, the trial court "'assess[ed] the competency and credibility of the evidence of nonservice.'" *Vrbanac*, 2001 Ohio App. LEXIS 39, at *5, quoting *Talarek*, 1997 Ohio App. LEXIS 3164, at *10-11. The trial court specifically determined that Mr. Silver and his former secretary testified "credibly" regarding Mr. Silver leaving the office at 141 E. Main Street in April 2016 and thereby "independently corroborated" Mr. Silver's claim of "lack of service at the E. Main St[reet] address." *Contra Bell*, 89 Ohio App.3d at 202 (service of process to a business address is reasonably calculated to reach the party if the party has his own office at that address).

{¶35} Further, as to Mr. Hall's challenge to Mr. Silver's credibility based upon the error in the affidavit regarding the address, the trial court determined that Mr. Silver had "made an honest mistake with respect to the address." When conflicts in the evidence or testimony occur, this Court must defer to the trier of fact who was in the best position to weigh the witnesses'

credibility. *Rogers v. Hood*, 9th Dist. Summit No. 24374, 2009-Ohio-5799, ¶ 23, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984); *see Walker Neal Leasing v. Spies Constr. Co.*, 9th Dist. Summit No. 17389, 1996 Ohio App. LEXIS 478, *6 (Feb. 14, 1996).

{¶36} To the extent Mr. Hall argues that Mr. Silver failed to update his business address with the Supreme Court, failed to update his mail forwarding request indefinitely, failed to update his business address on the internet, and that Mr. Silver's speedy filing of a motion to vacate is indicative of service, these arguments were not raised in the trial court and are forfeited on appeal. *See JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

{¶37} Based on the above, the trial court did not abuse its discretion in holding that Mr. Silver rebutted the presumption of service. The third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ABUSED ITS DISCRETION BY VACATING [THE] JUDGMENT WITHOUT VALID GROUNDS[.]

{¶38} Mr. Hall contends "[t]he trial court abused its discretion in granting [Mr. Silver's] motion to vacate" because Mr. Silver did not present valid grounds for relief under Civ.R. 60(B). This argument lacks merit.

{¶39} "[W]here service of process has not been accomplished, any judgment rendered is void *ab initio*." *Sampson v. Hooper Holmes, Inc.*, 91 Ohio App.3d 538, 540 (9th Dist.1993), citing *Rondy v. Rondy*, 13 Ohio App.3d 19, 22 (9th Dist.1983). The authority to vacate a void judgment arises from the inherent power possessed by Ohio courts, and not Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. The Civ.R. 60(B) requirements are not applicable when a party asserts that the trial court lacked personal jurisdiction because of improper service of process. *Wood*, 2010-Ohio-1339, at ¶ 13. *See State*

*ex rel. DeWine v. 9150 Group L.P.,* 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7 ("[A] common law motion to vacate a void judgment need not meet the standards applicable to a Civ.R. 60(B) motion."). Instead, the movant only needs to establish lack of proper service. *Wood* at ¶ 13.

{¶40} Mr. Hall incorrectly asserts that Mr. Silver moved and was granted relief from judgment under Civ.R. 60(B). Mr. Silver sought to vacate the judgment because "service was never perfected [upon Mr. Silver]." Thus, Mr. Silver was seeking relief from a void judgment via the trial court's inherent authority to vacate a void judgment, and not pursuant to Civ.R. 60(B). Because Mr. Silver filed a common law motion to vacate, it was unnecessary for him to comply with the Civ.R. 60(B) requirements. *See Wood* at ¶ 13; *State ex rel. DeWine* at ¶ 7.

{¶41} Further, the trial court's judgment entry recognized that Mr. Silver's motion to vacate was premised upon the judgment being void due to the lack of service of process. While the trial court cited the Civ.R. 60(B) requirements, it further explained that Civ.R. 60(B) was not the exclusive means to attack a judgment when service of process is in dispute. Instead, the trial court vacated the judgment based on its inherent authority to vacate a void judgment, and not based upon Civ.R. 60(B).

{¶42} Mr. Hall's fourth assignment of error is overruled.

III.

{¶43} Mr. Hall's first assignment of error is withdrawn and the second, third, and fourth assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ERIC J. CHERRY, Attorney at Law, for Appellant.

JAMES R. SILVER, pro se, Appellee.